IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAJIBA AMIR SHAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1604 (RDA/IDD) |
| ) | |
| KIOLO KIJAKAZI, *Acting Commissioner* ) | |
| *of the Social Security Administration*, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge Ivan D. Davis on September 15, 2021. Dkt. 21. In this Social Security Administration appeal, Judge Davis recommends that the Court grant the parties' Consent Motion to Remand and remand this matter back to the Social Security Administration, deny as moot Plaintiff Najiba Amir Sams's ("Plaintiff") Motion for Summary Judgment, dismiss this matter, and direct the Clerk of the Court to enter final judgment under Federal Rule of Civil Procedure 58. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Judge Davis's Recommendation was September 29, 2021. To date, no objections have been filed.

After reviewing the record and Judge Davis's Recommendation, and finding no clear error,[1] the Court hereby APPROVES and ADOPTS the Recommendation. Dkt. 21. Accordingly, the parties' Consent Motion to Remand (Dkt. 20) is GRANTED; and

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (holding that in the absence of any objections to a Magistrate Judge's Recommendation, the Court "need

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 17) is DENIED as MOOT; and

IT IS FURTHER ORDERED that this matter is dismissed.

The Clerk is directed to enter judgment in this matter pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 29, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge

---

not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'").